IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:06CV401-02-F[1]
(3:04CR107-1-F)

| | |
|---|---|
| WILLIAM F. REYNOLDS, )<br>    Petitioner, )<br>)<br>       v. )<br>)<br>UNITED STATES OF AMERICA, )<br>    Respondent. )<br>_____) | **O R D E R** |

**THIS MATTER** is before this Court upon a document captioned as "Petitioner['s] Motion To Vacate, Set Aside Or Correct Sentence Pursuant To 28 U.S.C. §2255," filed September 20, 2006.

According to the record of the petitioner's underlying criminal case, on May 20, 2005, he was convicted and sentenced to a total of 144 months imprisonment upon his guilty pleas to charges of bank robbery (in violation of 18 U.S.C. 2113(a)), and using and carrying a firearm during and in relation to a crime of violence (in violation of 18 U.S.C. §924(c)). On June 22, 2005, the Court entered its Judgment in this matter, but the petitioner did not timely give a notice of appeal for that Judgment.

Rather, after waiting nearly four months, on October 14,

---

[1] The underlying criminal case originally was assigned to the Honorable H. Brent McKnight, United States District Judge. However, upon the death of Judge McKnight, and a determination that the other two district judges in this District had conflicts which prevented them from presiding over this case, the matter was assigned to the Honorable David A. Faber, United States District Judge for the Southern District of West Virginia. Accordingly, the instant Motion to Vacate also has been assigned to Judge Faber for resolution.

2005, the petitioner filed a "Motion For Extension Of Time To File A Notice Of Appeal. However, on January 13, 2006, the Court denied the petitioner's Motion for Extension as untimely filed.

Notwithstanding that Order, on February 10, 2006, the petitioner filed a Notice of Appeal, seeking to appeal both the Court's denial of his Motion for Extension as well as its criminal Judgment. Not surprisingly, the Fourth Circuit Court of Appeals issued an unpublished decision in which that Court affirmed this Court's denial of the petitioner's Motion for Extension, and it dismissed the petitioner's appeal of his criminal Judgment. On July 5, 2006, the Court of Appeals denied the petitioner's Petition for a Rehearing and Rehearing En Banc.

Now, the petitioner has returned to this Court on the instant Motion to Vacate. By this Motion, the petitioner argues that he was subjected to ineffective of counsel when counsel allegedly failed: (1) to challenge a four-point Offense Level increase which he received at sentencing; (2) to seek a dismissal on the basis of the government's violation of his rights under the Speedy Trial Act; and (3) to timely file an appeal as he reportedly asked counsel to do. However, notwithstanding whether or not the petitioner's claims may have any merit, it appears to the Court that the instant Motion to Vacate may be subject to summary dismissal.

That is, in 1996, Congress enacted the Antiterrorism and

Effective Death Penalty Act (the "AEDPA"). Among other things, the AEDPA amended 28 U.S.C. §2255 by imposing a 1-year statute of limitations period for the filing of a motion to vacate. Such amendment provides:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–

>  (1) the date on which the judgment of conviction becomes final;
>
>  (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
>  (3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>  (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Here, the record is clear that the petitioner's conviction and sentence became final on or about July 7, 2005, that is, at the expiration of the 10-day period during which the petitioner could have filed (but did not file) a notice of appeal of his criminal Judgment. See Clay v. United States, 537 U.S. 522, 524 (2003); and Fed.R.App.P. 4(b)(1). Thus, by the Court's calculations, the petitioner had up to and including July 7, 2006 in which to file the instant Motion. Suffice it to say, however, the petitioner did <u>not</u> file this Motion by that date.

3

Moreover, while the Court is aware that the petitioner eventually did pursue a direct appeal of his criminal Judgment, such appeal was not timely filed, and was dismissed--rather than denied--by the Fourth Circuit Court of Appeals. In light of those facts, therefore, the Court does not believe that the petitioner can rely upon his untimely filing of that appeal in order to somehow extend his one-year limitations period. See generally Artuz v. Bennett, 531 U.S. 4, 8 (2000) (noting that untimely filed appeal could not toll the running of the one-year limitations period in habeas proceeding under §2254); and Panhorst v. United States, 241 F.3d 367 (4th Cir. 2001) (explaining that "[f]iling deadlines, like statutes of limitations, necessarily operate harshly and arbitrarily with respect to individuals who fall just on the other side of them, but if the concept of a filing deadline is to have any content, the deadline must be enforced."). Consequently, it appears to the Court that the petitioner's Motion under §2255 is time-barred.

Nevertheless, in January 2002, the Fourth Circuit Court of Appeals decided the case of Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002). In Hill the Court held that "when a federal habeas court, prior to trial, perceives a pro se §2254 petition to be untimely and the state has not filed a motion to dismiss based on the one-year limitations period, the [district] court must warn the prisoner that the case is subject to dismissal

pursuant to §2244(d) absent a sufficient explanation . . . ." Although there yet is no published case in this Circuit which extends <u>Hill</u> to cases brought under §2255, the Court is aware of several unpublished cases in this Circuit which tend to suggest that such an extension would be adopted by the Circuit Court.

Accordingly, this Court now shall give the petitioner 30 days in which to file a document, explaining why his Motion under §2255 should be deemed timely filed. In particular, the petitioner should advise the Court of those matters which he believes could affect a determination of the timeliness of his Motion.

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1. That within thirty (30) days of the date of this Order, the petitioner shall file a document, explaining why he believes his Motion Under §2255 should be deemed timely filed.

2. That the Clerk shall send copies of this Order to the petitioner and to counsel for the United States.

**SO ORDERED.**

Signed: October 11, 2006

David A. Faber
United States District Judge